IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

DAVIN JEFFERSON,

        Plaintiff,

   v.

JOHN HARDMAN and KELSI EYESTONE,

        Defendants.

Case No. 1:25-cv-00022-CL

**OPINION AND ORDER**

**CLARKE**, Magistrate Judge.

    Plaintiff Davin Jefferson, self-represented litigant, seeks to proceed *in forma pauperis* ("IFP") in this action against Defendants John Hardman and Kelsi Eyestone. For the reasons below, Plaintiff's Complaint (ECF No. 1) is DISMISSED without prejudice and with leave to file an amended complaint within thirty (30) days of this Order. Plaintiff's IFP application (ECF No. 2) is held in abeyance and will be reconsidered upon the filing of an amended complaint.

## LEGAL STANDARD

    Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, a

Page 1 – OPINION AND ORDER

court must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That is, a court should construe pleadings by a pro se plaintiff liberally and afford a pro se plaintiff the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

The first prong of the IFP assessment is satisfied. Mr. Jefferson is financially eligible to proceed IFP. The second prong of the IFP assessment, however, has not been met. Mr. Jefferson's Complaint fails to state a claim upon which relief may be granted and fails to meet the amount in controversy requirement necessary to establish diversity jurisdiction.

**I.     The Complaint is dismissed for failure to state a claim.**

When addressing a failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), courts apply the federal pleadings standards required under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under Rule 12(b)(6), the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court is not required to accept legal conclusions, unsupported by facts, as true. *Id.*

Here, Plaintiff's statement of his claim is confusing and appears unrelated to his requested relief. Plaintiff claims he arrived at the White City VA on July 5, 2024, seeking care for a painful back injury resulting from being rear-ended. Plaintiff further claims he left in mid-November after "constant hassles" from the employees of the White City VA. Plaintiff concludes by stating that despite attending a vocational rehab he was never contacted again about work therapy at the SORCC. Plaintiff's statement of his claim is disjointed and difficult to follow. Without factual matter clarifying what happened to Plaintiff personally, how Defendant was responsible for it, and what laws were violated in the process, the Complaint does not raise a plausible claim, nor a reasonable inference that Defendant is liable for any misconduct.

In the section of the Complaint titled "Relief," Plaintiff requests to be returned to status as an American Citizen. As a primary matter, it is not within the jurisdiction of this court to grant citizenship. Federal courts, like this District Court, are courts of "limited jurisdiction," meaning that their ability to hear cases and issue binding orders is restricted. As such, they do not have jurisdiction to grant citizenship. Furthermore, Plaintiff fails to show any connection between the requested relief and his claim. For the above reasons, Plaintiff has failed to state a claim upon which relief may be granted.

**II.    The Complaint is dismissed for failure to allege an amount in controversy satisfying the requirements of diversity jurisdiction.**

A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Generally, only two types of cases may be heard in federal court: cases in which a citizen of one state sues a citizen of another over an amount that exceeds

$75,000.00 ("diversity of citizenship") and cases arising under a provision in the United States Constitution, a federal law, or a treaty ("federal question"). *See* 28 U.S.C. §§ 1331–32.

Here, Plaintiff has filed his Complaint based on diversity jurisdiction. It appears that the parties are citizens of different states, but the amount in controversy requirement is not satisfied. Plaintiff fails to allege any amount in controversy, and instead writes only "I have been homeless since 2001" in the relevant section of the Complaint. Because the amount in controversy is not satisfied, the Court does not have diversity jurisdiction, and thus does not have subject matter jurisdiction, over this claim.

It is unclear whether amendment will cure the deficiencies in Plaintiff's Complaint. Out of an abundance of caution, the Court will dismiss without prejudice and with leave to file an amended complaint within thirty (30) days from the date of this Order. Plaintiff should consult the Court's website at <ord.uscourts.gov> for important and helpful information regarding self-representation.

## ORDER

Plaintiff's Complaint (ECF No. 1) is DISMISSED without prejudice and with leave to file an amended complaint within thirty (30) days from the date of this Order. Plaintiff is advised that failure to file an amended complaint within the allotted time, or failure to cure the deficiencies identified above, will result in the case being dismissed with prejudice. Plaintiff's IFP application (ECF No. 2) is held in abeyance and will be reconsidered upon the filing of an amended complaint.

DATED this 22 day of January, 2025.

MARK D. CLARKE
United States Magistrate Judge